UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACKLYN CRYSTAL-MARIE BELL,<br><br>Plaintiff,<br><br>v.<br><br>MARY LOFTUS and TCHAPET,<br><br>Defendants. | CAUSE NO. 3:21-CV-202-DRL-MGG |

OPINION AND ORDER

Jacklyn Crystal-Marie Bell, a prisoner without a lawyer, filed a complaint with four unrelated groups of claims. ECF 1. Ms. Bell is a pretrial detainee at the Marshall County Jail. She alleges she has been denied adequate medical treatment; that jail policies with regard to hot water, cleaning supplies, and access to female hygiene products violate the Constitution; that from January 15, 2021 to January 17, 2021, she was forced to wear a soiled uniform and prevented from showering; and that she is being charged for medical expenses that should have been filed with, and paid by, her insurance.

"[U]nrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Additionally, where there are limited connections between claims the court can order severance or dismissal without prejudice. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018). When a plaintiff files a complaint with unrelated claims, it is the usual practice of this court to allow her to decide which related claims to pursue in the instant case—as well as to decide when or if to bring the other claims in separate suits. Here, however, Ms. Bell has filed a motion providing

additional information about her medical claims and asking to proceed against Nurse Mary Loftus and Dr. Tchapet. ECF 5. Though she may not have been aware of the need to select one of these four groups of claims when she filed the motion, it is clear she definitely wants to proceed on this claim. Therefore, the other three will be dismissed without prejudice so she can pursue them in a separate lawsuit if she so desires.

Ms. Bell alleges she had severe back and abdominal pain. ECF 1 at 2. She alleges she had constipation and stopped menstruating. *Id*. She alleges she was placed in observation and given a stool softener but is still experiencing pain so severe she cannot lay on her back or rollover. *Id*. She alleges she told Nurse Mary Loftus and Dr. Tchapet about her ongoing medical problems more than a month ago. ECF 5. She alleges, though she was given an ultrasound and antibiotics, she has not improved. *Id*. She alleges they said she needed an x-ray, but she has not gotten one nor received any pain medication for over a month.

A pretrial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, "[i]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*. at 539. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the

2

actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*).

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Here, it is possible Nurse Loftus and Dr. Tchapet acted reasonably, but that is not clear based on the facts alleged. Because the complaint has plausibly alleged they did not, Ms. Bell will be allowed to proceed against them for a violation of the Fourteenth Amendment.

For these reasons, the court:

(1) GRANTS the motion (ECF 5) asking to proceed against Nurse Mary Loftus and Dr. Tchapet;

(2) GRANTS Jacklyn Crystal-Marie Bell leave to proceed against Nurse Mary Loftus and Dr. Tchapet in their individual capacities for compensatory and punitive damages for denying her constitutionally adequate medical treatment for her back and abdominal pain since January 2021 in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims WITHOUT PREJUDICE;

(4) DISMISSES Hassel and Andre Holcomb;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Mary Loftus and Dr. Tchapet at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS Quality Correctional Care, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Nurse Mary Loftus and Dr. Tchapet to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 13, 2021   *s/ Damon R. Leichty*
Judge, United States District Court