UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACKLYN CRYSTAL-MARIE BELL,

    Plaintiff,

    v.                                                                              CAUSE NO. 3:21-CV-202 DRL-MGG

MARY LOFTUS and TCHAPET,

    Defendants.

OPINION AND ORDER

Jacklyn Crystal-Marie Bell, a prisoner without a lawyer, filed an amended complaint alleging she was denied constitutionally adequate medical care while she was a pretrial detainee at the Marshall County Jail. ECF 21. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). A "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

In paragraph one, Ms. Bell alleges in February 2021 that she reported she had not had a bowel movement for five to seven weeks and was suffering from back and abdominal pain so severe she was unable to lay on her back or roll over. In response, Nurse Mary Loftus placed her in isolation, prescribed a stool softener and ordered photos taken of her feces when she had a bowel movement.

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case [because a] showing of negligence or even gross negligence will not suffice." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (brackets omitted). The second question is "whether the challenged conduct

was objectively reasonable [based] on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id*. Here, the amended complaint does not include facts from which it can be plausibly inferred that Nurse Loftus responded in an objectively unreasonable manner based on these allegations.

In paragraph two, Ms. Bell alleges after her bowels moved, she still had pain, but she does not explain where or how severe. She says she told Nurse Loftus she tended to being septic and had cysts on her intestines and uterus that sometimes rupture. She says she signed a release to obtain her medical records from South Bend Memorial Hospital, but they were not retrieved. She does not allege she was septic or was experiencing symptoms of a ruptured cyst. She does not say how Nurse Loftus responded – much less explain how the response was objectively unreasonable.

In paragraph three, Ms. Bell alleges she told Nurse Loftus she was sexually active and asked for a Pap and STD test. She does not allege she had reason to believe she had a sexual partner who had an STD or that she was experiencing any symptoms attributable to and STD. In response, Nurse Loftus took a urine sample and reported the results were negative. It is unclear why this response was objectively unreasonable. Ms. Bell alleges that months later at the Rockville Correctional Facility, she had a Pap and STD test with positive results. She does not say what kind of test she had, nor what STD was found. The mere allegation that she was subsequently found to have an STD does not plausibly allege Nurse Loftus' response was objectively unreasonable.

In paragraph four, Ms. Bell alleges in response to her ongoing complaints of pain, she was placed in isolation where Dr. Tchapet ordered an ultrasound and Nurse Loftus ordered staff to take photos of her vaginal discharge. Dr. Tchapet reported the results of the ultrasound were negative, but it is unclear what that means since the complaint does not explain what it was attempting to diagnose. The complaint does not explain why it was objectively unreasonable to perform an ultrasound and monitor her discharge in response to her complaints of pain.

In paragraphs five and six, Ms. Bell alleges after she was x-rayed, Dr. Tchapet, on two occasions, "karate chopped" her in the back where she indicated she was in pain. It is possible there was a medical reason to strike her where she said she was in pain; but based on the facts presented, the complaint plausibly alleges that striking her was not objectively reasonable.

In paragraph seven, Ms. Bell alleges x-rays taken at the Rockville Correctional Facility show she now suffers from "slight disc degeneration" and has been prescribed treatment including exercise. ECF 21 at 3. This paragraph does not mention either defendant, and there is no indication she intended it to assert an independent claim.

Dr. Tchapet has already entered an appearance by counsel and waived service. ECF 8 and 9. Therefore, service of this order and the amended complaint on his attorney is permitted by Federal Rule of Civil Procedure 5(a)(1)(B) and 5(b)(1).

For these reasons, the court:

(1) GRANTS Jacklyn Crystal-Marie Bell leave to proceed against Dr. Tchapet in his individual capacity for compensatory and punitive damages for allegedly providing her

4

objectively unreasonable medical treatment at the Marshall County Jail in violation of the Fourteenth Amendment by striking her where she indicated she had back pain on two separate occasions in 2021;

(2) DISMISSES all other claims;

(3) DISMISSES Nurse Mary Loftus; and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Tchapet to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 3, 2021                              *s/ Damon R. Leichty*
                                              Judge, United States District Court