UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACKLYN CRYSTAL-MARIE BELL,

    Plaintiff,

v.                                         CAUSE NO. 3:21-CV-202-DRL

DR. TCHAPET,

    Defendant.

OPINION AND ORDER

Jacklyn Crystal-Marie Bell, a prisoner without a lawyer, proceeds "against Dr. [Tchaptchet] in his individual capacity for compensatory and punitive damages for allegedly providing her objectively unreasonable medical treatment at the Marshall County Jail in violation of the Fourteenth Amendment by striking her where she indicated she had back pain on two separate occasions in 2021[.]" ECF 23 at 4-5. On March 7, 2022, Dr. Tchaptchet moved for summary judgment, arguing he did not violate Ms. Bell's Fourteenth Amendment rights. ECF 38. With the motion, Dr. Tchaptchet provided the notice required by N.D. Ind. L.R. 56-1(f). ECF 40. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to the statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed some time ago, but Ms.

Bell has not responded. Therefore the court will now rule on Dr. Tchaptchet's summary judgment motion.

## STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cty.*, 909 F.3d 881, 886

2

(7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

ANALYSIS

Dr. Tchaptchet submits an affidavit (ECF 39-2) that attests to certain facts and that remain undisputed on this record. On February 20, 2021, Dr. Tchaptchet first saw Ms. Bell at the Marshall County Jail and noted she had a history of hepatitis C, bipolar disorder, PTSD, and night terrors. ECF 39-2 at 2. In March 2021, there was a concern Ms. Bell was experiencing a urinary tract infection. ECF 39-2 at 2. She was prescribed antibiotics and pain medication. *Id.* Dr. Tchaptchet ordered a renal ultrasound, which was completed on March 19, 2021, and returned normal. *Id.*

On March 22, 2021, Dr. Tchaptchet saw Ms. Bell and discussed her complaints of flank pain, which could be consistent with an ongoing urinary tract infection. *Id.* Dr. Tchaptchet performed a physical assessment, in which he used his hands to feel portions of her abdomen, flank, and back to determine the presence of any tenderness. *Id.* at 2-3. He noted she was positive for bilateral flank tenderness. *Id.* at 2. He ordered another antibiotic and instructed her to increase her fluid intake. *Id.* at 2.

On May 24, 2021, Dr. Tchaptchet saw Ms. Bell for complaints of anxiety, depression, and back pain. ECF 39-2 at 2-3. He had Ms. Bell move to test her range of motion, which was normal. *Id.* at 3. He performed another physical assessment and noted she had some back tenderness. *Id.* He ordered she receive Cymbalta for depression and pain relief. *Id.* This was Dr. Tchaptchet's last visit with Ms. Bell. *Id.*

Dr. Tchaptchet attests he performed physical assessments of Ms. Bell during the visits on March 22, 2021 and May 24, 2021, and noted she had tenderness on both occasions. ECF 39-2 at 3. Dr. Tchaptchet did not strike Ms. Bell during these visits, but rather used his hands to determine the presence of any tenderness. *Id.* These physical assessments were not intended to cause harm, but to determine the location and severity of any discomfort, the potential for injury, and the need for further treatment. *Id.* at 3-4.

Here, no reasonable jury could determine that Dr. Tchaptchet provided Ms. Bell objectively unreasonable treatment for "striking" her where she indicated she had back pain, as it is undisputed Dr. Tchaptchet did not strike Ms. Bell but rather conducted physical assessments to determine the potential for any injury and need for further treatment. Ms. Bell provides no evidence Dr. Tchaptchet's physical assessments were in any way unreasonable. Therefore, summary judgment is warranted in favor of Dr. Tchaptchet.

For these reasons, the court:

(1) GRANTS Dr. Tchaptchet's motion for summary judgment (ECF 38); and

(2) DIRECTS the clerk to enter judgment in favor of Dr. Tchaptchet and against Jacklyn Crystal-Marie Bell and to close this case.

SO ORDERED.

January 17, 2023                                            *s/ Damon R. Leichty*
                                                                               Judge, United States District Court